**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4309**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FAHD HAMOOD ALJAHAF,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:15-cr-00035-GMG-RWT-4)

Submitted: May 16, 2017                  Decided: June 1, 2017

Before KEENAN, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. Randolph J. Bernard, Shawn M. Adkins, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fahd Hamood Aljahaf pled guilty, pursuant to a written plea agreement, to conspiracy to traffic in contraband cigarettes, in violation of 18 U.S.C. §§ 371, 2342(a) (2012). The district court sentenced Aljahaf to 18 months' imprisonment followed by a 3-year term of supervised release. Aljahaf's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether Aljahaf's below-Sentencing Guidelines sentence was reasonable. Aljahaf was notified of his right to file a pro se supplemental brief but did not do so. In conducting our *Anders* review, we ordered the parties to file supplemental briefs addressing whether the magistrate judge committed plain error in accepting Aljahaf's guilty plea without advising him of the potential immigration consequences of a conviction. The parties have responded, and for the reasons that follow, we affirm.

Because Aljahaf did not move to withdraw his guilty plea in the district court, this Court reviews the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, Aljahaf "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. A defendant who pled guilty establishes that an error affected his substantial rights by demonstrating a reasonable probability that he would not have pled guilty but for the error. *United States v. Davila*, 133 S. Ct. 2139, 2147 (2013).

In his supplemental brief, Aljahaf, through counsel, concedes that his attorney warned him of the potential immigration consequences before he pled guilty but contends

2

that he would not have pled guilty if he had received the warning from the court. We conclude that, because Aljahaf's attorney provided him actual notice of the potential immigration consequences of his plea, Aljahaf has failed to demonstrate that he would not have pled guilty but for the district court's error. Accordingly, we affirm Aljahaf's conviction.

As to the reasonableness of Aljahaf's sentence, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, we review a sentence for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. In this case, the district court correctly calculated Aljahaf's Guidelines range, allowed Aljahaf and his counsel to argue for an appropriate sentence, and explained that its chosen sentence was based on the seriousness of the offense, Aljahaf's role in the conspiracy, his criminal history, and his conduct while on pretrial release. Therefore, we conclude that Aljahaf's sentence is procedurally reasonable.

If, as here, a sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable

3

when measured against the 18 U.S.C. § 3553(a) factors." *Id.* We conclude that no evidence in the record rebuts the presumption of reasonableness accorded Aljahaf's below-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Aljahaf, in writing, of the right to petition the Supreme Court of the United States for further review. If Aljahaf requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Aljahaf.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*